Kevin McKEOWN, Plaintiff–Counter Claimant–Appellant,

v.

The State of NEW YORK, The Office of Court Administration of the Unified Court System, Thomas J. Cahill, in his official and individual capacity, Nancy J. Barry, in his official and individual capacity, Sherry M. Cohen, in his official and individual capacity, Joseph M. Accetta, in his official and individual capacity, Robert M. DiBella, in his official and individual capacity, McQuade & McQuade, Esqs., Joseph F. McQuade, individually and as a partner of McQuade & McQuade, John Does, 1–20, Jane Does, 1–20, Defendants–Counter Defendants–Appellees,

The N.Y. State Commission on Judicial Conduct, The N.Y.S. 1st Dept. Departmental Disciplinary Committee, The N.Y.S. Grievance Committee, 9th Judicial District, Gary L. Casella, in his official and individual capacity, Fran-

cis A. Nicolai, in his official and individual capacity, Anthony A. Scarpino, Esq., in his official and individual capacity, Robert A. Korren, Jeffrey A. McNamara, Patricia Bave–Planett, Giulini & Giulini, Esqs., Charles A. Giulini, individually and as a partner of Giulini and Giulini, Christine Giulini, individually and as a partner of Giulini and Giulini, Catherine M. Miklitsch, Michael D. McQuade, individually and as partner of McQuade & McQuade, Defendants–Appellees.

No. 10–4561–cv.

United States Court of Appeals,
Second Circuit.

Jan. 3, 2012.

Kevin McKeown, pro se, New York, NY, for Appellant.

Barbara D. Underwood, Solicitor General; Michael S. Belohavek, Senior Counsel; Patrick J. Walsh, Assistant Solicitor General (of counsel), on behalf of Eric T. Schneiderman, Attorney General of the State of New York, for Appellees.

PRESENT: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, and RAYMOND J. LOHIER, JR., Circuit Judges.

*SUMMARY ORDER*

Appellant Kevin McKeown, proceeding *pro se,* appeals from the district court's denial of his motion to reopen brought pursuant to Rule 60(b). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review a district court's decision on a Rule 60(b) motion for abuse of discretion." *Johnson v. Univ. of Rochester Med. Ctr.,* 642 F.3d 121, 125 (2d Cir.2011) (per curiam). Relief under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir.2001). To the extent that McKeown's motion, filed more than two years after the district court's dismissal of his complaint, was based on mistake, new evidence, or fraud under Rule 60(b)(1), (2) or (3), the motion was untimely as it was filed well beyond the one-year deadline set forth in the rule. *See* Fed.R.Civ.P. 60(c)(1). In any event, upon consideration of McKeown's arguments on appeal, we conclude that the district court acted well within its discretion in concluding that McKeown was not entitled to Rule 60(b) relief.

For the foregoing reasons, the order of the district court is hereby **AFFIRMED.**